| | |
|---|---|
| ADAM LEITMAN BAILEY, P.C.<br>Courtney Killelea Lerias<br>Jackie Halpern Weinstein<br>One Battery Park Plaza, 18th Floor<br>New York, New York 10004<br>Phone: (212) 825-0365<br>E-mail: clerias@alblawfirm.com<br>*Attorneys for Wilmington Savings*<br>*Fund Society, FSB, not in its*<br>*individual capacity but solely as*<br>*Owner Trustee of Residential Credit*<br>*Opportunities Trust II* | Hearing Date & Time:<br>August 1, 2024 at 10:00 a.m.<br><br>Opposition Due: July 25, 2024 |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>Digna Esmeralda Villatoro,<br><br><div align="right">Debtor.</div> | Case No. 8-24-71644-ast<br><br>Chapter 13<br><br>Hon. Alan S. Trust |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

TO:   HON. ALAN S. TRUST
      U.S. BANKRUPTCY JUDGE

Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Owner Trustee of Residential Credit Opportunities Truest II ("Movant"), by its undersigned counsel, for its Motion (a) for an order, pursuant to 11 U.S.C. 362(b)(22), confirming that the automatic stay is not in effect with respect to Movant's right to enforce its pre-petition judgment of possession and warrant of eviction with respect to the premises known as and located 30 Redmond Ave, Bay Shore, New York 11706, District 0500, Section 342.00, Block 01.00, Lot 071.000; or, in the alternative, (b) for in rem stay relief pursuant to 11 U.S.C. 362(d)(4)(B) (the "Motion"), states the following:

**Factual and Procedural History**

1.      This Motion concerns the premises known as and located at 30 Redmond Ave, Bay Shore, New York 11706, District 0500, Section 342.00, Block 01.00, Lot 071.000 (the "Property").

2.      Movant was the owner of a note (the "Note") and business purpose mortgage made by non-party 109 Ave Holding Corp., and guaranteed by non-party Jairo Villatoro, dated May 7, 2019 in the principal amount of $283,500.00, which mortgage was recorded with the Suffolk County Clerk's Office under Liber M00023028 at Page 078 on May 15, 2019 (the "Mortgage") and secured by the Property (collectively, the "Loan").  Attached as Exhibits 1-4 respectively are copies of the Note with affixed Allonges, the Mortgage, the Guaranty, and the Assignments of Mortgage.

3.      109 Ave. Holding Corp. and Jairo Villatoro defaulted under the Note and Mortgage by failing to timely pay each and every installment of principal and interest, and, as a result, Movant commenced a foreclosure action back on October 23, 2020 in the Supreme Court of the State of New York, County of Suffolk, captioned *Wilmington Savings Fund, FSB, not in its individual capacity but solely as Owner Trustee of Residential Credit Opportunities Trust II v. 109 Ave Holding Corp., et. al.*, under Index No. 615992/2020 (the "Foreclosure").

4.      In the Foreclosure, the Suffolk County Supreme Court entered a Judgment of Foreclosure and Sale on December 14, 2022 (the "JFS"), a certified copy of which is annexed as Exhibit 5.

5.      The JFS expressly included that it is:

ORDERED, ADJUDGED, AND DECREED, that each and all of the defendant(s) in this action, and all persons claiming under any of them after the filing of such Notice of Pendency of this action, be and they are hereby forever barred and foreclosed of all right, claim, lien, title, interest, and

equity of redemption in the said Mortgaged Premises and each and every part thereof;

6.    Additionally, the JFS expressly included that it is:

ORDERED, ADJUDGED, AND DECREED, that the premises…be sold, in one parcel, at a public auction…under the direction of CHRISTOPHER BROCATO, ESQ., who is hereby appointed Referee…

7.    The JFS further expressly included that it is "ORDERED, ADJUDGED, AND DECREED, that the purchaser or purchasers at such sale be let into possession on production of the Referee's deed or deeds ….".  Exhibit 5.

8.    On August 16, 2023, the Premises were sold at public auction, and Movant was the highest bidder on credit.  The Premises were transferred to Movant by Referee's Deed dated August 25, 2023 (the "Deed"), a recorded copy of which is annexed as Exhibit 6.

9.    A Referee's Report of Sale dated August 25, 2023 was filed with the Court on August 29, 2023, a copy of which is annexed as Exhibit 7.

10.    Movant properly exhibited the Deed to all occupants of the Property and served all occupants with Notices to Quit.  Despite the demands for possession, however, the occupants did not vacate the Property.  Therefore, Movant moved in the Foreclosure for a Judgment of Possession and a Writ of Assistance, a true and correct copy of which motion is annexed as Exhibit 8, with all required notices attached as exhibits thereto.

11.    Movant was granted both a Judgment of Possession and a Writ of Assistance, which were both entered on January 29, 2024, true and correct copies of which served with Notice of Entry on February 8, 2024 are annexed as Exhibits 9 and 10, respectively.

12. Movant procured the requisite certified copies and submitted the certified Judgment of Possession and Writ of Assistance to the Suffolk County Sheriff on February 27, 2024 for eviction.

13. On March 14, 2024, 109 Ave. Holding Corp. and Jairo Villatoro, through counsel, filed an Order to Show Cause in the Foreclosure seeking an order rescinding the foreclosure sale, vacating the Judgment of Possession and Writ of Assistance, and issuing a temporary restraining order staying the Sheriff from evicting "the tenants" from the Property.

14. On March 15, 2024, counsel appeared for argument on the Order to Show Cause with Temporary Restraining Order, which application the Judge deemed baseless, and the Order to Show Cause was not signed and withdrawn.

15. On March 22, 2024, 109 Ave. Holding Corp. and Jairo Villatoro, through counsel, filed another motion in the Foreclosure, this time by notice of motion, again seeking an order rescinding the foreclosure sale and vacating the Judgment of Possession and Writ of Assistance. Movant opposed. By Decision and Order entered on May 15, 2024, 109 Ave. Holding Corp. and Jairo Villatoro's motion was denied in its entirety, a true and correct copy of which decision is annexed as Exhibit 11.

16. Prior to the motion being denied, however, and presumably to stay any execution of the Writ of Assistance by the Sheriff, the Debtor filed this bare-bones Chapter 13 petition, without counsel and without notifying Movant. ECF 1.

17. Upon proprietary information and good belief, the Debtor does not even reside at the Property. Specifically, on May 1, 2024, this office conducted a comprehensive search on the TLO Exp proprietary database for the Debtor's address. The database search included the following:

    a. Criminal records;

    b. Employment records;

    c. Driver's license records;

    d. Bankruptcy records;

    e. Liens;

    f. Judgments;

    g. Property records;

    h. Foreclosure records;

    i. Property assessments;

    j. Eviction records;

    k. Vehicle records;

    l. UCC Filings;

    m. Corporate Affiliations;

    n. Voter registration; and

    o. Weapons permits.

18. The search results report[1] shows the Debtor currently living at 113 Islip Avenue, Islip, NY 11751 with the address on her Driver's License being 34 Redington Street, Bay Shore, NY 11706. Neither of these addresses are the Property.

19. Movant submits that this Chapter 13 petition is the latest in a long history of attempts by 109 Ave. Holding Corp. and Jairo Villatoro to delay the Movant's lawful recovery of the Property.

---

[1] This report contained confidential personal information, the disclosure of which is prohibited by the subscriber agreement with TLO Exp and applicable privacy laws, and as such, are not annexed as an exhibit to this motion.

20. Specifically, the first foreclosure auction of the Property pursuant to the JFS was scheduled for February 28, 2023. On February 22, 2023, however, 109 Ave. Holding Corp. filed a bare-bones Chapter 7 petition, *pro se*, which was notably <u>signed by the Debtor herein</u> as authorized representative and Vice President of 109 Ave. Holding Corp., and which filing prevented the Movant from proceeding with the auction. A true and correct copy of the Chapter 7 petition is annexed as Exhibit 12.

21. Notably, the Debtor herein listed her address in that Chapter 7 petition as being the 113 Islip Avenue, Islip, NY 11751 address, which Movant's search reported her currently living at, and which address is not the Property. Exhibit 12.

22. Movant moved to dismiss that proceeding on the grounds that a corporate debtor cannot proceed *pro se*, which motion was granted without opposition by Order of the Hon. Robert E. Grossman dated April 26, 2023, a copy of which is annexed as Exhibit 13.

23. Movant then re-noticed a foreclosure auction of the Property to take place on June 8, 2023, but 109 Ave. Holding Corp. again filed a bare-bones bankruptcy petition, this time under Chapter 11, which petition was also brought *pro se* and <u>signed by the Debtor herein</u> as authorized representative and Vice President, and again prevented Movant from proceeding with the foreclosure auction. A copy of the Chapter 11 petition is annexed as Exhibit 14.

24. Notably, the Debtor herein again listed her address in that Chapter 11 petition as being the 113 Islip Avenue, Islip, NY 11751 address, which Movant's search reported her currently living at, and which address is not the Property. Exhibit 14.

25. The Chapter 11 proceeding was dismissed on the grounds that the Debtor failed to comply with the Court's Notice of Defective or Deficient Filing, failed to retain counsel, and failed

to appear on the hearing date. A copy of the dismissal order of the Hon. Robert E. Grossman dated June 30, 2023 is annexed as Exhibit 15.

26. Another foreclosure auction of the Property was then noticed for and successfully held on August 16, 2023 (see Exhibits 6 and 7), after which Movant procured the Judgment of Possession and Writ of Assistance for eviction, and after which 109 Ave. Holding Corp.—apparently a company to which the Debtor is a Vice President—filed two failed motions to prevent eviction (detailed above herein).

27. Now, in a last-ditch effort to prevent the Movant from lawfully obtaining possession of the Property, the Debtor, an authorized representative and Vice President of 109 Ave. Holding Corp., filed the instant Chapter 13 petition and sent it to the Sheriff to stay eviction.

28. For the reasons set forth herein and in the accompanying Memorandum of Law, Movant respectfully submits that this Court should: (a) issue an order confirming that the automatic stay is not in effect with respect to Movant's rights to the Property; and/or (b) grant Movant relief from the automatic stay.

WHEREFORE, for the foregoing reasons, and those set forth in the accompanying Memorandum of Law, Movant respectfully requests that this Court grant the Motion in its entirety.

Dated: New York, New York
      May 31, 2024

                                    ADAM LEITMAN BAILEY, P.C.

                                    /s/Courtney Killelea Lerias
                                    Courtney Killelea Lerias
                                    Jackie Halpern Weinstein

                                  One Battery Park Plaza, 18th Floor
                                  New York, New York 10004
                                  (212) 825-0365
                                  clerias@alblawfirm.com
                                  *Attorneys for Wilmington Savings Fund*
                                  *Society, FSB, not in its individual capacity*
                                  *but solely as Owner Trustee of Residential*
                                  *Credit Opportunities Trust II*