UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>Digna Esmeralda Villatoro<br>*aka* Diana Villatoro,<br><br>       Debtor. | Case No. 8-24-71644-ast<br><br>Chapter 13 |

**ORDER GRANTING IN REM RELIEF**
**FROM THE AUTOMATIC STAY**

    On August 1, 2024, the Motion (the "Motion") of WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE OF RESIDENTIAL CREDIT OPPORTUNITIES TRUST II ("Movant") dated June 5, 2024 (ECF 17) (and Amended Notice of Motion, dated June 18, 2024, ECF 21) came before the Court for relief from the automatic stay with respect to the collateral known as 30 Redmond Ave, Bay Shore, New York 11706, District 0500, Section 342.00, Block 01.00, Lot 071.000 (the "Collateral"). Proper notice of the hearing has been provided. This Court having considered the evidence presented and the arguments of the parties, and with good cause appearing therefor, it is hereby

    **ORDERED**, that the automatic stay in effect pursuant to 11 U.S.C. § 362(a) is terminated pursuant to 11 U.S.C. § 362(d)(4)(B) so that Movant, its agents, assigns or successors in interest may take any and all action under applicable non-bankruptcy law to exercise its remedies against the Collateral, including, but not limited to, proceeding with an eviction of all occupants of the Property pursuant to the judgment of possession and writ of assistance entered in the state court matter known as *Wilmington Savings Fund, FSB, not in its individual capacity but solely as Owner Trustee of Residential Credit Opportunities Trust II v. 109 Ave Holding Corp., et. al.*, under Index No. 615992/2020; and it is further

**ORDERED**, that, pursuant to 11 U.S.C. § 362(d)(4), if recorded in compliance with applicable State laws governing notices of interests or liens in real property, this Order shall be binding in any other case under this title purporting to affect such real property filed not later than one (1) year after the date of the entry of this Order, except that a debtor in a subsequent case under this title may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing; and it is further

**ORDERED**, that, pursuant to 11 U.S.C. § 362(d)(4), any Federal, State, or local governmental unit that accepts notices of interests or liens in real property shall accept any certified copy of an order described in this subsection for indexing and recording; and it is further

**ORDERED**, that all other relief sought in the Motion, including any requested waiver of the 14 day stay imposed by Bankruptcy Rule 4001(a)(3), is denied.



Dated: August 21, 2024
Central Islip, New York

_____
Alan S. Trust
Chief United States Bankruptcy Judge